# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH F. JANOWSKI,<br>Plaintiff, | : | NO. 3:26-CV-00336 |
| | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| PENNSYLVANIA STATE | : | |
| POLICE, *et. al.* | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

The Plaintiff, Joseph Janowski, brought this civil rights action against Defendants Pennsylvania State Police (PSP), Trooper Thomas Robin, and Trooper Nathaniel Edmonds, alleging violations to his constitutional rights arising from his arrest and transport to PSP barracks. Complaint, doc. 1-2. The Defendants moved to dismiss the Complaint. Doc. 3. For the reasons that follow, the Court will grant in part and deny in part the Defendants' motion.

## I.    BACKGROUND

In considering this motion to dismiss, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

As alleged, in 2023, Defendants Robin and Edmonds arrested Janowski, cuffed his hands behind his back, and locked him in the back of a police vehicle. Complaint, doc. 1-2 ¶ 6. They did not secure Janowksi in place with a seatbelt. *See id.*

During transport to the police barracks, the Defendants made a turn at an "excessively high rate of speed," throwing Janowski across the back seat. *Id.* This twisted his right foot, which was lodged between the backseat and a barrier. *Id.* When the parties arrived at the barracks, Janowski told Defendant Edmonds, "I need help my foot is stuck and my leg broke." *Id.* Defendant Edmonds pulled Janowski's foot out from between the seat and the barrier. *Id.* As a result of the incident, Janowski alleges that he sustained "a fracture of the right tibia, extreme swelling of foot, ankle, and lower leg." *Id.* ¶ 8.

On February 10, 2026, the Defendants removed Janowski's state court action, filed in the Court of Common Pleas of Schuylkill County, Pennsylvania. *See* docs. 1, 1-2. The Complaint brings excessive force, cruel and unusual punishment, and negligence claims against the Defendants. Doc. 1-2 ¶¶ 1-3.

The Defendants moved to dismiss. Doc. 3. The parties have filed their respective briefs, and this motion is ripe for disposition. Docs. 5, 10. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 6.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

A district court must conduct a three-step analysis when considering the sufficiency of a complaint under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the

plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Third, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211, quoting *Iqbal*, 556 U.S. at 679. A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210, quoting *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A complaint filed by a *pro se* litigant is to be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Nevertheless, "pro se litigants still must allege sufficient facts in their

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.  DISCUSSION

The Court will grant the Defendants' motion to dismiss in part and deny in part.

### A.    Eleventh Amendment Immunity

The Defendants argue that they must be dismissed from this action because they are not "persons" as defined under 42 U.S.C. § 1983. Defs.' Br., doc. 5 at 4-5. Janowski contends that because PSP is a corporation of the Commonwealth, it is recognized as a person amenable to suit under § 1983. Pl.'s Br., doc. 10 at 3.

Under the Eleventh Amendment, state governments and their subsidiary units are immune from suit in federal court. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253 (3d Cir. 2010). Under § 1983, "neither a State nor its officials acting in their official capacities are 'persons'," subject to a lawsuit for damages. *Hafer v. Melo*, 502 U.S. 21, 26 (1991), quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This is because the "Eleventh Amendment has long been

interpreted to prohibit," "a suit brought by a citizen against his own state." *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).

In the Commonwealth, a state police department is a government sub-unit entitled to Eleventh Amendment immunity. *See Durham v. United States*, 9 F. Supp. 2d 503, 506 (M.D. Pa. 1998). Eleventh Amendment immunity, therefore, bars all § 1983 claims against PSP and troopers sued in their official capacities. *See Luck v. Mount Airy No. 1, LLC*, 901 F. Supp. 2d 547, 558 (M.D. Pa. 2012) (holding that Eleventh Amendment immunity extends to the Pennsylvania State Police and its troopers).

While Janowski does not specify whether he intended to sue the Trooper defendants in their official or personal capacities, it makes no difference here. A personal capacity action under § 1983 seeks to impose "individual liability upon a government officer for actions taken under color of state law." *Hafer*, 502 U.S. at 25. "Thus, on the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* Thus, personal capacity § 1983 claims frequently involve conduct taken within the scope of the individual's authority. *See*

*Hanani v. N.J.D.E.P.*, 205 F. App'x 71, 79 (3d Cir. 2006) ("The Eleventh Amendment does not bar such [individual capacity] suits, nor are state officers absolutely immune from personal liability under Section 1983 solely by virtue of the 'official' nature of their acts."). Consequently, and construing the *pro se* Complaint broadly, Plaintiff's allegation that the Trooper defendants were acting within the scope of their authority is not enough to construe Plaintiff's claims against her solely as official capacity claims. Thus, the Eleventh Amendment does not bar Janowski's claims against Defendants Robin and Edmonds in their personal capacities.

## B.    State-Law Sovereign Immunity

The Defendants also argue that they are entitled to sovereign immunity from Janowski's common law negligence claim. Doc. 5 at 5. The Court will deny the motion to dismiss as to the common law negligence claim because sovereign immunity does not apply.

Under Pennsylvania law, sovereign immunity bars claims that are asserted against the Commonwealth, its agencies, and Commonwealth employees acting within the scope of their office or employment. *Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010), citing 1 Pa. C.S.

§ 2310.[1] Sovereign immunity shields the Commonwealth parties from liability when their actions: (1) cannot fit into one of the nine statutory sovereign immunity exceptions; (2) are not negligent; and (3) occur within the scope of their employment. *Kintzel v. Kleeman*, 965 F. Supp. 2d 601, 606 (M.D. Pa. 2013), citing *La Frankie v. Miklich*, 618 A.2d 1145, 1148 (Pa. Commw. Ct. 1992).

Here, sovereign immunity does not apply to the Defendants because the vehicle liability exception applies. *See* 42 Pa. C.S. § 8522(b)(1).[2] The vehicle liability exception applies to negligence related to the operation of a vehicle. *Mickle v. City of Philadelphia*, 707 A.2d 1124, 1126 (Pa. 1998). Under Pennsylvania law, operation of a vehicle encompasses the series of decisions and actions, taken together, which transport the

---

[1] "[T]he Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S.A. § 2310.

[2] The nine exceptions to sovereign immunity are: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. *See* 42 Pa. C.S. § 8522(b)(1)-(9).

individual from one place to another. *Balentine v. Chester Water Authority*, 191 A.3d 799, 809 (Pa. 2018) (citation omitted).

The vehicle liability exception applies to Janowski's negligence claim because it arises from the Defendants' operation of their police vehicle while transporting Janowski to the police barracks. Doc. 1-2 ¶ 6. Janowski alleged that his leg broke because Defendant Robin or Edmonds made a turn at an "excessively high rate of speed" that threw him across the back seat. *See id.* Taking Janowski's allegations as true, the Defendants were negligent while operating their vehicle which caused Janowski's leg to break. Janowski's negligence claim, therefore, falls within the vehicle exception. *See Mickle*, 707 A.2d at 1126 (affirming application of motor vehicle exception to negligence claim where city firefighter was driving van and plaintiff, a passenger, was injured); *Balentine*, 191 A.3d at 810 (finding that a negligence claim fell within the vehicle exception where the plaintiff alleged a government employee "operated" a vehicle when it was hit from behind by another vehicle as it sat parked on the roadway); *Brown-Boyd v. S. Pa. Transp. Auth.*, 320 A.3d 872, 881-82 (Pa. Commw. Ct. 2024) (holding that a negligence claim

fell within the vehicle exception because a government employee was operating the bus when it stopped to allow a passenger to exit).[3]

Thus, the Court will deny the motion to dismiss the negligence claim.

### C.    Eighth Amendment—Cruel and Unusual Punishment

Finally, the Defendants argue that Janowski's Eighth Amendment cruel and unusual punishment claim must be dismissed because he was not incarcerated during the alleged incident. Doc. 5 at 6. They are correct, insofar as Janowski's claim is brought under the Eighth Amendment.

Janowski's Eighth Amendment claim fails as a matter of law because he "was not incarcerated or convicted of a crime at the time the alleged constitutional violations took place." *Gardner v. Luzerne County*, 645 F. Supp. 2d 325, 341 (M.D. Pa. 2009). The Eighth Amendment "was

---

[3] The Court also notes that under certain circumstances, like in this case, a state's duty may extend beyond a duty to refrain from acting. When the "State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Higgins v. Borough of Taylor*, 551 F. Supp. 2d 370, 375 (M.D. Pa. 2008), quoting *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 199-200 (1989) (finding that police owed a duty of care to a plaintiff-arrestee who was injured while the police were transporting the plaintiff-arrestee to his residence).

designed to protect those convicted of crimes and consequently the Clause applies only after the State has complied with constitutional guarantees traditionally associated with criminal prosecutions." *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005), quoting *Whitley v. Albers*, 475 U.S. 312, 318 (1986). Here, because Janowski only alleges that he was arrested, not convicted of or sentenced for crimes, at the time of the constitutional violation, his Eighth Amendment claim fails as a matter of law.

## D.    Fourteenth Amendment—Failure to Protect

As a non-lawyer, Janowski's use of the Eighth Amendment phrase, "cruel and unusual punishment" is not dispositive of the issue, however. Liberally construing Janowski's *pro se* Complaint, the Court finds that it raises a plausible due process claim under the Fourteenth Amendment.

Under the Fourteenth Amendment, there is "an affirmative duty to protect 'when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs,' thereby creating a special relationship." *Brown v. Commonwealth*, 318 F.3d 473, 478 (3d Cir. 2003), quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). When the State takes a person

into its custody and holds him there against his will, the Constitution imposes a corresponding duty to assume some responsibility for the person's safety and general well-being. *Morrow v. Balaski*, 719 F.3d 160, 167-68 (3d Cir. 2013), quoting *DeShaney*, 489 U.S. at 199-200.

Here, Janowski has alleged that Defendants Edmonds and Robin handcuffed and arrested him and placed him in the back seat of their police vehicle. Doc. 1-2 ¶ 6. By arresting Janowski, the Defendants assumed "some responsibility for his safety and general well-being." *Higgins v. Borough of Taylor*, 551 F. Supp. 2d 370, 375 (M.D. Pa. 2008), quoting *DeShaney*, 49 U.S. at 199-200. Janowski has further alleged that the arrest exposed him to harm that he could not protect against when the Defendants, after failing to seatbelt Janowski, made a high-speed turn that caused his broken leg. *See* doc. 1-2 ¶ 6. The Court, therefore, finds that Janowski has stated a plausible Fourteenth Amendment failure to protect claim.[4] *See Higgins*, 551 F. Supp. 2d at 376 (finding that

---

[4] Janowski may also state a plausible failure to protect claim under the state-created danger doctrine. The Due Process Clause can impose "an affirmative duty to protect if the state's own actions create the very danger that causes the plaintiff's injury." *Morrow v. Balaski*, 719 F.3d 160, 167 (3d Cir. 2013), quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1201 (3d Cir. 1996). The Third Circuit has recognized four essential elements to a due process claim under the state-created danger doctrine: (1) the harm

a plaintiff-arrestee alleged a failure to protect claim under the special relationship theory where the plaintiff was injured while the police was transporting the plaintiff-arrestee to his residence).

Accordingly, the Court will deny the motion to dismiss Janowski's § 1983 claim because he has stated a plausible Fourteenth Amendment failure to protect claim against Defendants Robin and Edmonds in their personal capacities.

### E.    Fourth Amendment—Excessive Force

Finally, the Defendants fail to raise any arguments as to Janowski's excessive force claim against the Defendants. Even construed liberally, however, the Complaint fails to allege a plausible excessive force claim against Defendants Robin and Edmonds in their individual capacities.

Claims of excessive force by police officers, in the context of an arrest, investigatory stop, or other seizures, are analyzed under the

---

ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all. *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006).

Fourth Amendment. *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004). Thus, an excessive force claim requires that a seizure occurred and that it was unreasonable. *Williams v. Papi*, 30 F. Supp. 3d 306, 312 (M.D. Pa. 2014). Because such a determination depends on "all of the relevant facts and circumstances leading up to the time that the officers allegedly used excessive force," the Third Circuit has held that "[t]he reasonableness of the use of force is normally an issue for the jury." *Id.*, citing *Rivas*, 365 F.3d at 198. A claim of excessive force under § 1983 requires "the jury . . . to determine whether [an officer] *used force* that was objectively reasonable under the circumstances and facts confronting him at that time[.]" *Mosley v. Wilson*, 102 F.3d 85, 95 (3d Cir. 1996).

Here, although Janowski has alleged seizure in that that he was arrested and placed in the back seat of the Defendants' police car, he has not stated facts to support that the Defendants used force, or that the use of force was objectively unreasonable. Indeed, Janowski has not alleged any facts describing the arrest itself. *See* doc. 1-2 ¶ 6. Because the Complaint, as it stands, does not allege any use of force by the Defendants, the Court finds that Janowski has failed to state a plausible excessive force claim. *See Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000)

(emphasis added), quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) ("In an excessive force claim, the central question is 'whether *force was applied* in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

## IV.   CONCLUSION

Accordingly, the Defendants' motion to dismiss (doc. 3) is granted in part and denied in part. An appropriate order follows.

Date: July 29, 2026                                     s/*Sean A. Camoni*
                                                        Sean A. Camoni
                                                        United States Magistrate Judge